**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

MICHAEL TOUPS                                                                 CIVIL ACTION

VERSUS                                                                              NO: 17-1821

TERREBONNE PARISH                                                       SECTION: A (5)
CONSOLIDATED GOVERNMENT, et al.

**ORDER**

Before the Court is a Motion to Dismiss (Rec. Doc. 8) filed by Defendants Dana Coleman, Dana Ortego, and Terrebonne Parish Consolidated Government. Plaintiff opposes the Motion. (Rec. Doc. 10). The Motion, set for submission on July 12, 2017, is before the Court on the briefs without oral argument.

**I.  Background**

Plaintiff was a law enforcement officer with the Houma Police Department whose employment was terminated allegedly for exceeding his sick leave period. (Rec. Doc. 1). Plaintiff alleges that Defendants terminated Plaintiff's employment wrongfully, in violation of the American's with Disabilities Act ("ADA"), the Fourteenth Amendment of the United States Constitution and Article Two of the Louisiana Constitution. Plaintiff brought his ADA and constitutional claims against the Terrebonne Parish Consolidated Government, including Houma Police Department, Chief of Police Dana Coleman, Secretary to the Chief of Police Donna Wedgeworth, and Director of Human Resources Dana Ortego. (Rec. Doc. 1). Defendants now seek dismissal of all of Plaintiff's constitutional claims, and dismissal of Plaintiff's ADA claims against Coleman, Wedgworth and Ortego, the employee Defendants. (Rec. Doc. 8).

**II.  Analysis**

1

Defendants first argue that Plaintiff's ADA claims against employee Defendants should be dismissed because 1) Plaintiff failed to exhaust administrative remedies against employee Defendants, and 2) Plaintiff cannot maintain an ADA claim against Plaintiff's employer and the employees of his employer. (Rec. Doc. 8). Secondly, Defendants argue that Plaintiff's Louisiana and Federal constitutional claims should be dismissed because he must first exhaust his administrative remedies before the Houma Municipal Fire and Police Civil Service Board. (Rec. Doc. 8). Plaintiff maintains that even if he cannot bring an ADA claim against employee Defendants, he has a viable invasion of privacy claim against them. (Rec. Doc. 10). He further maintains that the availability of a right to appeal to a civil service board does not preempt his Federal claims. (Rec. Doc. 10).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the Complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Ashroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

    a. **Plaintiff's ADA Claims**

The United States Court of Appeals for the Fifth Circuit has held that an employee must exhaust all administrative remedies before filing an ADA complaint in Federal court. *Dao v.*

*Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996); See also *Williams v. AT&T Inc.*, 356 Fed.Appx. 761, 766 (5th Cir. 2009) (where the court found that a plaintiff must exhaust his administrative remedies prior to filing an ADA claim, unless the claim arose after the EEOC charge."). Plaintiff did not file any claims against the employee Defendants Dana Coleman, Donna Wedgeworth, and Dana Ortego in its EEOC claim, and therefore failed to exhaust his administrative remedies before filing his claim in Federal court. Therefore, according to the law in this Circuit, the employee Defendants are entitled to dismissal of Plaintiff's claims against them, and the Court need not address Defendants' second argument for dismissal of Plaintiff's ADA claims against employee Defendants.

### b. Plaintiff's Constitutional Claims

Defendants further argue that Plaintiff's Federal and State constitutional claims should be dismissed for failure to exhaust administrative remedies. However, the Houma Municipal Fire and Police Civil Service Board does not have jurisdiction over Plaintiff's Federal constitutional claims, as Plaintiff points out, and under Louisiana law, "[i]t is well settled that administrative agencies are without power to decide constitutional issues." *Hill v. Jindal*, 175 So.3d 988, 1001 (La. App. 1 Cir. 2015). Thus, constitutional claims do not need to go through administrative review before being brought before a court. *Id.* Because Plaintiff's remaining claims are constitutional claims which could not have gone through administrative review by the Houma Municipal Fire and Police Civil Service Board, Defendants are not entitled to dismissal of Plaintiff's constitutional claims for failure to exhaust administrative remedies.

Accordingly;

**IT IS ORDERED** that the Motion to Dismiss (Rec. Doc. 8) filed by Defendants Dana Coleman, Dana Ortego, and Terrebonne Parish Consolidated Government is **GRANTED IN**

**PART** and **DENIED IN PART**. The Motion is **GRANTED** insofar as all ADA claims against Dana Coleman, Donna Wedgeworth, and Dana Ortego are dismissed without prejudice. The Motion is **DENIED** as it relates to Plaintiff's constitutional claims.

New Orleans, Louisiana this 19th day of July 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE